UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DESMOND ACOSTA,

                                        Plaintiff,

                    -against-

N.Y.P.D.; N.Y.C. HEALTH AND HOSPITALS
CORPORAT.; D.O.C.C.S.; JOHN DOE,
BELLEVUE HOSPITAL; DR. ACRISH; JOHN
DOE, RIKERS ISLAND,

                                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/22/2026

26-CV-2488 (GHW)

ORDER OF SERVICE

GREGORY H. WOODS, United States District Judge:

Plaintiff, who currently is incarcerated at Five Points Correctional Facility, which is

located in Romulus, Seneca County, New York, brings this action, *pro se*, under 42 U.S.C.

§ 1983, alleging that Defendants violated his federal constitutional rights when he was detained

on Rikers Island and when he when he was incarcerated at Green Haven Correctional Facility.[1]

By order dated April 9, 2026, the court granted Plaintiff's request to proceed *in forma pauperis*

("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court: (1)

dismisses Plaintiff's claims against the New York City Police Department ("NYPD") and the

New York State Department of Corrections and Community Supervision ("DOCCS"); (2) adds

as Defendants, under Rule 21 of the Federal Rules of Civil Procedure, the City of New York, and

DOCCS Deputy Commissioner and Chief Medical Officer Dr. Carol Moores; (3) directs service

through the U.S. Marshals Service on Defendants Dr. Acrish, New York City Health + Hospitals

---

[1] Plaintiff originally filed this action in the Western District of New York on December 29, 2025. *See Acosta v. N.Y.P.D.*, No. 6:25-CV-6833 (W.D.N.Y. Mar. 10, 2026). By order dated March 10, 2026, the Western District transferred this action to this court. (ECF 11.)

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

("H+H"), and Dr. Moores, and requests that the City of New York waive service of summons; and (4) directs counsel for H+H and the New York City Law Department to assist Plaintiff in identifying the John Doe defendants he seeks to sue.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

### A.    Claims against the NYPD

The Court must dismiss Plaintiff's claims against the NYPD because agencies of the City of New York are not entities that can be sued. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*."); *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD is not a proper defendant); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court

2

therefore dismisses Plaintiff's claims against the NYPD for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status and his clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the NYPD with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.      Claims against DOCCS**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*.; *see Czerwinski v. New York State Dep't of Corr. & Cmty. Supervison*, 394 F. Supp. 3d 210, 227 (N.D.N.Y. 2019) ("There can be not dispute that DOCCS is an agency and arm of the State of New York and, therefore, entitled to New York' s Eleventh Amendment immunity.") New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's Section 1983 claims against DOCCS as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**C.      Adding Dr. Moores as a defendant**

Plaintiff alleges that his right to adequate medical care is currently being denied while he is incarcerated at Five Points, and he seeks an order directing that he be provided with medical treatment. The Court construes these allegations as asserting claims under Section 1983, for

prospective injunctive relief, against DOCCS Deputy Commissioner and Chief Medical Officer Dr. Carol Moores. The Court therefore directs the Clerk of Court to add as a Defendant, under Rule 21 of the Federal Rules of Civil Procedure, DOCCS Deputy Commissioner and Chief Medical Officer Dr. Carol Moores. *See Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."); *Truncale v. Universal Pictures Co.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable."). This amendment is without prejudice to any defenses that this defendant may seek to assert.

**D.    Order of service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Dr. Acrish, H+H, and Dr. Moores through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**E.      Waiver of service**

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

**F.      *Valentin* order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit H+H to identify the John Doe doctor that treated Plaintiff at Bellevue Hospital in 2023. Plaintiff also provides sufficient information to allow the New York City Law Department, which is the attorney for the New York City Department of Correction ("DOC"), to identify the John Doe Correction Officer who was on duty when Plaintiff was attacked in February 2023. It is therefore ordered that counsel for H+H and the Law Department must ascertain the identify and, if applicable, that badge numbers, of the John Does whom Plaintiff seeks to sue here and the address where each defendant may be served.[4] Counsel for

---

[4] If the Doe correction officer is a current or former DOC employee or official, the Law Department should note in the response to this order that an electronic request for a waiver of

H+H and the Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing service on the newly named defendants.

### CONCLUSION

The Court dismisses Plaintiff's claims against the NYPD for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court dismisses Plaintiff's claims against DOCCS as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Clerk of Court is directed to add the City of New York and Dr. Carol Moores as Defendants under Fed. R. Civ. P. 21.

The Clerk of Court is further directed to issue summonses for Dr. Acrish, H+H, and Dr. Moores, complete the USM-285 form with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York

---

service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe correction officer defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Law Department must provide a residential address where the individual may be served.

waive service of summons and that the New York City Law Department respond as directed in the *Valentin* order.

The Clerk of Court is directed to mail a copy of this order and the complaint to H+H, Legal Counsel at: 50 Water Street. 17th Floor New York, NY 10004.

The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:    April 22, 2026
          New York, New York

_____
GREGORY H. WOODS
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    Dr. Acrish
      Green Haven Correctional Facility
      594 Route 216
      Stormville, NY 12582-0010

2.    Dr. Carol A. Moores
      Chief Medical Officer
      Division of Health Services
      1220 Washington Avenue
      Albany, NY 12226

3.    NYC H+H
      Legal Department
      50 Water Street. 17th Floor
      New York, NY 10004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____

_____

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

\_\_\_\_ Civ. _____ ( \_\_\_\_ )

**AMENDED
COMPLAINT**

Jury Trial:  ☐ Yes    ☐ No
(check one)

**I.    Parties in this complaint:**

A.    List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff      Name _____
                   Street Address _____
                   County, City _____
                   State & Zip Code _____
                   Telephone Number _____

B.    List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                   1

Defendant  No. 1        Name  _____

                                      Street Address  _____

                                        County, City  _____

                                        State & Zip Code  _____

                                        Telephone Number  _____

Defendant  No. 2        Name  _____

                                        Street Address  _____

                                        County, City  _____

                                        State & Zip Code  _____

                                        Telephone Number  _____

Defendant  No. 3        Name  _____

                                        Street Address  _____

                                        County, City  _____

                                        State & Zip Code  _____

                                        Telephone Number  _____

Defendant  No. 4        Name  _____

                                        Street Address  _____

                                        County, City  _____

                                        State & Zip Code  _____

                                        Telephone Number  _____

## II.     Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.     What is the basis for federal court jurisdiction?  *(check all that apply)*

         ☐ Federal Questions                    ☐ Diversity of Citizenship

B.     If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

         _____

         _____

C.     If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

         Plaintiff(s) state(s) of citizenship _____

         Defendant(s) state(s) of citizenship _____

         _____

*Rev. 12/2009*                                         2

**III.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.    Facts: _____

_____

**What happened to you?**

_____

_____

_____

_____

**Who did what?**

_____

_____

_____

_____

**Was anyone else involved?**

_____

_____

_____

**Who else saw what happened?**

_____

_____

_____

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.  _____

_____

_____

_____

_____

_____

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff     _____

Mailing Address           _____

                          _____

                          _____

Telephone Number          _____

Fax Number *(if you have one)*  _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    _____

Inmate Number             _____

*Rev. 12/2009*                              4