USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____4/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DESMOND ACOSTA, | |
| Plaintiff, | |
| -against- | |
| N.Y.C. HEALTH AND HOSPITALS CORPORATION, et al., | |
| Defendants. | |

**26-cv-2488 (GHW) (KHP)**

**ORDER DENYING REQUEST FOR PRO BONO COUNSEL**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE.**

The Court is in receipt of Plaintiff's April 28, 2026 letter, requesting that Pro Bono counsel be assigned to represent him for the purposes of navigating this matter, should pro bono counsel be available to do so. (ECF No. 24). For the reasons stated below, Plaintiff's request for pro bono counsel to represent him is DENIED.

**LEGAL STANDARD**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with

reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62.  Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*.  The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* at 60–61.  If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel).  In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

**DISCUSSION**

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted, and Plaintiff thus qualifies as indigent. (*See* ECF No. 17.)  In the complaint, Plaintiff asserts that several of his constitutional rights were violated, including his First, Fourteenth, Eighth, and

Ninth Amendment rights. (*See* ECF No. 1).  The Court finds these claims are "of substance" for purposes of assigning pro bono counsel.

However, when the other *Hodges* factors are considered, the Court the factors weigh against Plaintiff's request at this time.  As to the first factor, Plaintiff has been able to plead the facts of his case up to this point, and, at the moment, appears able to investigate the facts further.  The second factor is neutral, and it is unclear at this stage whether cross examination will be the major proof presented to the fact finder.  The third factor weighs against Plaintiff because he has been able to present the facts of his case clearly and competently.  And the fourth factor also weighs against Plaintiff as the legal claims, violation of his constitutional rights, are not so complex that he cannot present his case competently at least at this stage of the case.  Finally, there is no reason to believe that a just determination will not be reached if Plaintiff proceeds pro se.

For all these reasons, Plaintiff's request for counsel is DENIED.  However, this denial is without prejudice to Plaintiff making another request at a later stage in the case when discovery might tilt some factors in favor of the Court requesting pro bono counsel.

The Court notes that Plaintiff may avail himself of resources that exist for pro se litigants. Specifically, there is a free legal clinic run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any pro se party through the Pro Se Intake Unit).  The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York.  A party without legal representation can make an appointment by calling 212-382-4794.  Appointments are also available remotely Monday

through Friday, 10am to 4pm or in-person Monday through Thursday, 10am to 4pm.  The Court

strongly encourages Plaintiff to make an appointment with the clinic.

### CONCLUSION

For the foregoing reasons, Plaintiffs request for counsel is DENIED without prejudice.

The Clerk of Court is respectfully directed to terminate Plaintiff's motion at ECF No. 24.

**The Clerk of the Court is respectfully directed to mail a copy of this order to the Plaintiff. Further, opposing counsel is respectfully asked to email a copy of this order to the Plaintiff to the address he has previously provided.**

**SO ORDERED**.

Dated: April 30, 2026
     New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

4