USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/28/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| DESMOND ACOSTA, |
| Plaintiff, |
| -against- |
| N.Y.C. HEALTH AND HOSPITALS CORPORATION, et al., |
| Defendants. |

26-cv-2488 (GHW) (KHP)

ORDER

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE.**

The Court is in receipt of Plaintiff's May 21, 2026 letter and motion, requesting that the Court reconsider its Order denying Plaintiff's request for counsel and requesting confirmation of the Court's receipt of Plaintiff's letter motion dated April 17, 2026.  The Court is in receipt of Plaintiff's April 17, 2026, letter motion requesting counsel and has denied it. (ECF Nos 26–30).  For the reasons stated below, Plaintiff's request for the Court to reconsider its Order is DENIED.

**LEGAL STANDARD**

A motion for reconsideration is governed by Federal Rule of Civil Procedure 59(e) and Local Rule 6.3.  Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (internal citation and quotation marks omitted).  The Second Circuit has held that the standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Reconsideration is also justified where the moving party demonstrates "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007).  The standard aims to prevent a losing party from "plugging the gaps of a lost motion with additional matters." *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).  In other words, a Motion for Reconsideration is not an opportunity for the moving party to take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted).  A motion for reconsideration should be denied "where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

**DISCUSSION**

The Court's basis for its prior Order remains unaltered.  Plaintiff has not raised any "controlling decisions or data" that the Court failed to consider, and Plaintiff has not pointed to any new law or new evidence that has come to light since the denial of Plaintiff's request for counsel.  Ultimately, although Plaintiff does qualify as indigent and his claims are of substance, (ECF Nos. 25; 30), the *Hodge v. Police Officers* factors still weigh against Plaintiff's request at this time. 802 F.2d 58, 60 (2d Cir. 1986).  Plaintiff still appears able to investigate the facts further; it remains unclear at this stage whether cross examination will be the major proof presented to the fact finder; Plaintiff has been able to present the facts of his case clearly and competently; and the legal claims are not so complex that Plaintiff cannot present his case competently at least at this stage of the case. (ECF No. 25).

As to Plaintiff's concerns that Defendants' have been unwilling to comply, the Court Order dated April 22, 2026, instructed the New York City Law Department to assist Plaintiff in identifying the remaining defendants within sixty days—a deadline which has not yet passed. (ECF No. 20).  Additionally, as to Plaintiff's assertion that he has been unable to access the law library or legal resources on a regular basis, the right of access to the courts is "not 'an abstract, freestanding right to a law library or legal assistance.'" *Gilmore v.* Smith, No. 17 Civ. 1349, 2019 WL 3948074, at *5 (N.D.N.Y. 2019).  Plaintiff has not demonstrated that this alleged interference—lack of access to the law library—has impeded or frustrated any of his legal claims, and further, Plaintiff has had access to some degree of legal materials and writing materials based on his submissions to the Court. *Id.*  Finally, Plaintiff's citation of *Hendricks v. Coughlin*, is inapplicable, as the Second Circuit found the district court's denial of counsel to be an abuse of discretion where the district court had denied counsel automatically on the grounds that the case had not yet survived a dispositive motion and failed to properly analyze the *Hodge* factors. 114 F.3d 390, 393 (2d Cir. 1997).  Although Plaintiff is also incarcerated like the plaintiff in *Hendricks*, Plaintiff has not shown a similar limitation to developing the facts, and Defendants have been ordered by the Court to help Plaintiff identify additional defendants within 60 days of the Court's April 22, 2026 Valentin Order.  For all these reasons, Plaintiff's motion for reconsideration for counsel is DENIED.

The Court once again notes that Plaintiff may avail himself of resources that exist for pro se litigants. Specifically, there is a free legal clinic run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any pro se party

3

through the Pro Se Intake Unit).  The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York.  A party without legal representation can make an appointment by calling 212-382-4794.  Appointments are also available remotely Monday through Friday, 10am to 4pm or in-person Monday through Thursday, 10am to 4pm. The Court strongly encourages Plaintiff to make an appointment with the clinic.

## CONCLUSION

For the foregoing reasons, Plaintiffs motion for reconsideration is DENIED.  The Clerk of Court is respectfully directed to terminate Plaintiff's motion at ECF No. 39.

**The Clerk of the Court is respectfully directed to mail a copy of this order to the Plaintiff.**

**SO ORDERED**.

Dated: May 28, 2026
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

4