UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

Desmond Acosta, plaintiff

v.

N.Y.C. Health and Hospitals Corp.
(H+H), et al., defendants

-------------------------------------------------------X

26-CV-2488(GHW)(KHP)

Amended Complaint (2)

per ORDER OF 6-30-2026

## I. Parties

Plaintiff: Desmond Acosta, 23B3789, Five Points Corr. Facility
Address: State Route 96, P.O. Box 119, Romulus, New York 14541

Defendant (1): Dr. Acrish, Green Haven Corr. Facility,
Address: 594 Route 216 Stormville, NY 12582-0010
Defendant (2): Dr. Carol A. Moores, Chief Medical Officer
Address: Division of Health Services, 1220 Washington Avenue,
Albany, NY 12226
Defendant (3): NYC H+H, Health and Hospitals Corp., Legal Dept.
Address: 1 State Street Plaza, New York, NY 10004-1561
Defendant (4): Dr. John Doe (Bellevue/ NYC H+H)
Defendant (5): Dr. James Doe (Elmhurst/NYC H+H)
Defendant (6): Officer Sonjoy Mojumdar (N.Y.P.D./Riker's Island)
Defendant (7): City of New York, Law Department
Address: 100 Church Street, New York, NY 10007

## II. Basis of Jurisdiction

A) Federal question of injury to constitutional rights, §1983.
inflicted upon plaintiff by defendants, involving deprivation
of First, Fourteenth, Eighth and Ninth Ammendments, violation
of due process, ministerial neglect, Monell liability,
deliberate indifference and policy/custom of medical
negligence/indifference.

I declare under penalty of perjury that the foregoing is true and
correct

Signed this 16 th day of July , 2026

Signature of Plaintiff:
Mailing Address: Five Points Correctional Facility, State Route
96, P.O. Box 119 Romulus, New York 14541

## For Prisoners:

I declare under penalty of perjury that on this 16 day of July ,
2026, I am delivering this complaint to prison authorities to be
mailed to the Pro Se Office of the United States District Courtof
of the Southern District of New York.

Signature of Plaintiff:

## Claim Statement of Events

On February 2023 while in Riker's Island custody, pretrial, I was attacked and injured by another detainee under the watch of defendant Mojumdar at approximately 4:30am. Despite knowing that the antagonizing detainee was moved to the dormitory with plaintiff after behavior of following other detainees into the bathroom, incapacitating them and assaulting them . Other victim was being treated at the same hospital (Elmhurst) the plaintiff was originally brought to, the other injured individual was " sic having their jaw rewired/reattached". Defendant Mojumdar and other detainees including the plaintiff were told by the attacking detainee of his prior assaults as he was first being brought into the dormitory 10L.

Plaintiff was ambushed and awoke in a puddle of his own blood, at which point the defendant(s) Mojumdar/NYPD turned on the lights of the dormitory, defendant(s) being in proximity of watch position to see the entire altercation as it occurred, while breakfast was being distributed. Initially the plaintiff was brought to Elmhurst Hospital (NYC H+H) where an MRI/X-ray revealed an orbital fracture of my left eye and nasal fracture of my left nostril. Plaintiff was seen by Dr. John Doe of Elmhurst the day of the injury but for subsequent treatment was brought to Bellevue Hospital (NYC H+H), and on one ocassion to West Facility where the eye doctor stated that if the double vision persists the plaintiff will need treatment. Dr. James Doe of Bellevue Hospital was responsible for the treatment of the plaintiff between February and August of 2023, 7 months at the minimum. I was brought to Bellevue twice in 2023 while still in city custody and recieved no treatment despite suffering permanent double vision, eye pain and physical asymmetry of the face. The Dr. James Doe told me I would need surgery to install a metal plate in my left eye to support the afflicted region. This would prevent muscle atrophy, glaucoma, blindness and incapacity of my left eye, complications from my initial injury. To treat my eye injury I would need muscle surgery to regain my original sight in addition to the metal plate.

However Dr. James Doe had at least 7 months at the very minimum to initiate some treatment or remedy. Both defendants Bellevue (NYC H+H) and City of New York (Mojumdar) failed to provide the plaintiff with any medical treatment while in city custody thereby depriving the plaintiff of his civil rights, guaranteed by the Constitution of the U.S. and the State of New York. Negligence, deliberate indifference to an injury sustained in their custody. Plaintiff was unaware of PLRA or relevant statutes of limitations due to the manner of legal assistance available at the time of injury. Riker's Island had a civilian who would rarely provide the dormitory with their presence and nothing else , no material or advice was dispensed and the worker would typically forget what material was requested. Unable to grieve or recieve medical support I have developed glaucoma, eye pressure, sinus issues, double vision and coordinated sight problems.

<u>Claim Statement of Events (page 2)</u>

My injury has complicated into a permanent affliction that worsens over time without treatment and may still lead to blindness and or an inability to move the eye. I recieved this diagnosis from a specialist in 2024 when Green Haven sent me to an external facility for a medical trip. I was told I would return for preop diagnostics but in the remaining year and a half that I was in Green Haven custody I recieved no treatment despite complaints and requests to see a doctor. I had plead numerous times to the Green Haven clinic, verbally and in writing, for relief or treatment for my eye pain, double vision, difficulty seeing, trouble with coordinated sight and further deterioration of my left eye. I was neglected and deprived, I resorted to the grievance system and I have exhausted all of my options.

My medical provider was initially Dr. Acrish but he was changed, he also clarified the necessity of the metal plate installation and muscle surgery. I grieved Green Haven for prescribing glasses that made my pain and vision worse as medical malpractice that exacerbated my now permanent affliction of double vision and glaucoma, on July 2024. The grievance was ignored so I grieved again recieving confirmation of an appeal to Albany, C.O.R.C., who had written to me and I have still gotten no help whatsoever. I've written to and contacted countless resources, lawyers, Legal Aid and other intervening parties. A law firm (Amy Jane Agnew) advocated on my behalf for my now deteriorating condition and nasal pressure imbalance in 2025 which Green Haven Correctional Facility also ignored. I am now at a different facility with worsening, blurry strained vision in my left eye without having gotten any form of medical care at all.

## Section II(D)

Section 1983 allows defendants to be found liable only when they have acted under "color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia" 42 U.S.C. §1983. If you are suing under Bivens, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Bellevue Hospital is an entity under the N.Y.C. Health and Hospitals Corporation with policy to "entitle directors to compensation not for service but expense incurred in performance of duty" NY Unconsolidated Laws §7384(4), "provider of services" "for the purpose of such Title II, the corporation shall be an 'institution' supplying medical assistance" §7384(6) and "Notwithstanding any inconsistent provisions shall no officer or employee of the state have forfeited his office or employment," cited from §7384(8) of the unconsolidated laws of NY. §7386(3)(c) , (3)(d) and (7), §7385(8), (10) and (17), §7401, General Municipal Law §50-e revived by CPLR §208-a, lastly §7386, " Declaration of policy and statement of purposes: It is hereby found, declared and determined that the provision and delivery of comprehensive care and treatment of the ill and infirm, both physical and mental, are of vital and paramount concern and essential to the protection and promotion of the health, safety and welfare of the inhabitants of the State of New York and the city of New York [...]" §7382 of the Unconsolidated Laws of New York. This entity is sued in its official and individual capacity for liability under the Monell ruling for lack of enforcing policy and general custom or policy that amounted to ministerial neglect Kagan v. State, 221 A.D.2d 7, 6-17-1996, Simpkins v. Bellevue Hospital, 832 F. Supp. 69, 72-74 (SDNY 1993) due to no supervising/enforcing custom. Dr. John Doe of Bellevue (NYCH+H) and Dr. James Doe of Elmhurst (NYCH+H) are sued in their official and individual capacities for deliberate indifference, Riker's is a city defendant, organization, entity and municipality where denial of medical care in custody is violation of due process: Flannery v. County of Niagara, 763 F. Supp.3d 364, 394 (WDNY 2025 ) defendant Mojumdar's failure to protect and facilitate plaintif treatment implicates himself and the city to be sued in both individual and official capacity.

Dr. Acrish and DOCCS neglected/were indifferent to their duty on an individual and official level §501 of NY Correction Law, NY Public Officers Law §18 policy and custom of DOCCS, despite grievances and adherence to grievance process and policy, the custodial municipalities neglected/ and were deliberately indifferent to their duty and responsibility to pretect constitutional rights of plaintiff, I/I. PLRA- plaintiff has exhausted all remedies, is forced to resort to §1983 to seek relief, due DOCCS policy of deliberate indifference and ministerial neglect. Consequentially, Defendants Moore, Acrish implicating DOCCS/GHCF/State of NY are sued in their individual and official capacities.

Section IV Statement of Claim

First Claim: Deliberate indifference to medical needs and ministerial neglect by the defendants (City of New York, NYCH+H and DOCCS-Green Haven), Monell supervisory liability and failure to intervene of the defendants in their official and individual capacity.

Second Claim: Unconstitutional conditions of confinement from Riker's Island, City of New York, NYPD and DOCCS, where I was not only injured in custody but intentionally deprived of medical care which hurt me further by worsening my condition. Municipality defendants did not adhere to their own policy for treatment, nor their own guidelines for resolution.

Third Claim: Denial of equal protection rights, 14th Ammendment, while in Green Haven C.F. and Riker's Island (NYPD) I am entitled to safe custody and proper medical support. A denial of this treatment is a violation of the due process of the 14th Ammendment for pretrial detainees.

Fourth Claim: 1st Ammendment, defendant(s) cannot abridge my right to petition for redress of grievances. Riker's Island and Green Haven denied me adequete legal resources and support to address my medical and custodial concerns. Green Haven C.F., DOCCS, ignored my grievances despite appeal and documentation, even explicit advocacy from a legal representative was disregarded. There is an entitlement to equitable tolling or estoppel for claim deadline against City defendants due to deception and misrepresentation of consistent migration while in custody, no access to law library (each time a request was made, plaintiff was moved or denied), neglected or ignored grievances, other acts that preempted timely filings.

Fifth Claim: 8th Ammendment, I have a right to freedom from cruel and unusual punishment. While in Green Haven C.F. custody, not only was my condition deliberately neglected, but I was prescribed glasses that exacerbated my pain and deterioration. This medical malpractice and indifference is intentional cruelty and a violation of my rights. Defendants had a practiced policy and long-standing custom of indifference, Monell policy of indifference, failure and or absence of supervising/enforcing policy by DOCCS and NYCH+H despite complaints, grievances and third-party advocacy.

Sixth Claim: 9th Ammendment, incarceration and or legal custody do not enable the state to deny my right to life, good health. Green Haven cannot use my conviction to ignore responsibility for my medical care and safety. While in prison I still retain the right to life, redress of grievances by petition and a right to freedom from cruel and unusual punishment. My grievances and the obligation to my treatment were deliberately neglected by DOCCS. Defendants' immunity should be invalidated because municipalities are liable for this deprivation. Conviction, imprisonment doesn't excuse ministerial neglect by DOCCS, NYCH+H, Dr. Acrish, Moore, Dr. James and John Doe.

## Injuries (V)

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not recieve.

I sustained an orbital and nasal fracture that required time-sensitive treatment-surgery to prevent deterioration. I was supposed to have surgery to place a titanium plate under my left eye for support and treat my double vision. After installing the plate to prevent worse complication I would need eye muscle surgery to regain proper use of my left eye. I was denied all treatment and any medical attention, now I have developed glaucoma, I risk loss of vision, use and possible blindness. In addition to breathing issues from my nasal fracture, dislodged septum and sinus pressure imbalance.

Plaintiff would also like to specify the constitutional injury incurred by the defendants, see Canell v. Lightner, 143 F.3d 1210, 1213 (5th Cir. 1998); the deprivation of constitutional rights is an injury wholly aside from physical injury, specifically the violation of plaintiff's 1st, 8th, 9th and 14th Ammendment rights

## Relief (VI)

I demand and seek damages for physical and psychological pain caused by DOCCS, City defendants' negligence/deliberate indifference. My eye hurts everyday, I get dizziness from double vision and at times cannot focus to see at all. If I was in safe custody I would never have been injured, if I were treated I would not be in pain, partially blind and afflicted with glaucoma and permanent double vision. This injury has wrought anguish, fear, anxiety and panic that has endangered me further while incarcerated. My insufficient vision has jeopardized my ability to take care of myself and defend myself. The discomfort of my nasal fracture and maligned septum compound these issues by hindering my breathing. I not only need treatment for my injury but remedy of its complications and worsened deterioration. Five-million dollars, $5,000,000.00 and medical treatment.

**Addendum: Farmer v. Brennan, 511 US 825, (S Ct 1994) regarding deliberate indifference and ministerial neglect, see also Kagan v. State, 221 A.D.2d 7 (6-17-1996) despite ongoing attempts to demand or obtain treatment. In supplement to the cited examples of deliberate indifference, there is the issue of civil rights in the continued deprival of treatment, as alleged acts and omissions evidence harm: Estelle v. Gamble, 97 S. Ct. 285, (11-30-1976). Relief sought is $5,000,000.00, five-million dollars for emotional distress, discretionary damages for trauma, anguish and discomfort, cosmetic damages for eye-face disfigurement, additional/consequential damages from breathing issues and sinus pressure, glaucoma, finally compensatory damages for deteriorating condition resulting from deliberate indifference and ministerial neglect.