USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/31/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DESMOND ACOSTA,<br><br>Plaintiff,<br><br>-against-<br><br>N.Y.C. HEALTH AND HOSPITALS CORPORATION, et al.,<br><br>Defendants. | **26-cv-2488 (GHW) (KHP)**<br><br>**<u>ORDER</u>** |

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE.**

1. ***Valentin* Order Compliance**

The Court is in receipt of NYC Health and Hospitals Corporation's update regarding its inability to identify the John Doe doctor mentioned in Plaintiff's filings. (ECF No. 59). Based on New York City Health and Hospitals Corporation's representations, the Court finds that the Defendant has met its obligations under the Court's *Valentin* Order.

2. **Defendants' Extension Request**

The Court is also in receipt of the City of New York's and the New York City Health and Hospitals Corporation's requests for an extension to respond to Plaintiff's Amended Complaint. In light of Plaintiff's Amended Complaint, the Court grants these requests. Defendants, the City of New York and the New York City Health and Hospitals Corporation, shall have 45 days following the service of Plaintiff's anticipated Amended Complaint to respond.

3. **Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on

the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). To allow Plaintiff to effect service on Defendants Dr. Acrish, H+H, Dr. Moores, Officer Mojumdar, and the City of New York, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants. If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 60 and 61 and to mail a copy of this order to the Plaintiff. Further, opposing counsel is respectfully asked to email a copy of this order to the Plaintiff to the address he has previously provided.**

**SO ORDERED**.

Dated: July 31, 2026
New York, New York

Katharine H Parker

KATHARINE H. PARKER
United States Magistrate Judge

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.